**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JANET HILL,<br><br>Plaintiff,<br><br>v.<br><br>AMERICA'S WHOLESALE LENDER, MORTGAGE ELECTRONIC REIGSTRATION SYSTEMS, INC. AND THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-58, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-58,<br><br>Defendants. | CIVIL ACTION NO.<br><br>Removed from the Superior Court of Fulton County, Georgia Case No. 2013CV28015 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, Defendants America's Wholesale Lender ("AWL"),[1] Mortgage Electronic Registration Systems, Inc. ("MERS"), and The Bank of New York Mellon f/k/a the Bank of

---

[1] America's Wholesale Lender is a "doing business as" (*i.e.,* "trade" or "assumed") name for Countrywide Home Loans, Inc., and Plaintiff incorrectly identifies America's Wholesale Lender as a Defendant. For purposes of this Notice of Removal, however, Defendants shall continue to reference America's Wholesale Lender as the Defendant.

New York as Trustee for the Certificateholders of Cwalt, Inc., Alternative Loan Trust 2005-58, Mortgage Pass-Through Certificates, Series 2005-58 ("BNYM") (collectively, "Defendants"), by and through counsel, hereby remove this action from the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.

Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff Janet Hill ("Plaintiff") and Defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. In support of this Notice, Defendants states as follows:

**I. Background.**

1. Plaintiff originally filed this case in the Superior Court of Fulton County, Georgia on March 1, 2013. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed are attached as Exhibit A.

2. Plaintiff asserts claims arising out of a mortgage loan transaction concerning the property located at 1543 Auburn Avenue, Atlanta, Georgia 30312 (the "Property"). (Compl. ¶ 6). Plaintiff asserts claims for declaratory and injunctive relief. (See generally Compl.) Plaintiff seeks a temporary restraining order to enjoin the enforcement of the power of sale between Plaintiff and AWL, a judgment from the Court declaring Plaintiff as sole owners of the Property, and

attorney's fees and costs. (Compl. Introduction and Prayer for Relief).

**II. This Notice of Removal is Timely Filed in the Proper Venue.**

3. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

4. MERS was purportedly served with a copy of the Summons and Complaint via the Georgia Secretary of State's office on April 3, 2013.[2]

5. AWL was purportedly served with a copy of the Summons and Complaint via the Georgia Secretary of State's office on April 3, 2013.

6. BONYM was purportedly served with a copy of the Summons and Complaint via the Georgia Secretary of State's office on April 3, 2013.

7. Defendants did not receive a copy of any of the Summons or Complaint as a result of this ineffective service.

8. MERS received a copy of the Complaint via mail, although MERS was not properly served, on August 22, 2013.

9. The removal of this action to this Court is timely under U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30) days after August 22, 2013, which is the date that MERS received a copy of the Summons

[2] Defendants reserve the right to challenge the sufficiency of process as well as the sufficiency of service of process in their forthcoming Motion to Dismiss Plaintiffs' Complaint. Defendants deny Plaintiff has obtained proper service on any Defendant.

and Complaint.

10. The United States District Court for the Northern District of Georgia, Atlanta Division is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending and cases from Fulton County are properly assigned to the Atlanta Division. 28 U.S.C. § 90(a)(2).

**III. This Court Has Diversity Jurisdiction.**

11. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiffs and Defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

12. Upon information and belief, Plaintiff is a citizen and resident of the State of Georgia.

13. AWL is a "doing business as" (*i.e.,* "trade" or "assumed") name for Countrywide Home Loans, Inc. which is organized under the laws of New York with its principal place of business in California. As such, AWL, is a citizen of New York and California. See 28 U.S.C. § 1332(c)(1).

14. MERS is a Delaware corporation with its principal place of business in Virginia. Accordingly, MERS is a citizen of both Delaware and Virginia.

15. BNYM is a New York state banking institution with its principal place of business in New York. Accordingly, BNYM was at the time of the commencement of this action, and is at the present time, a citizen of the State of New York. See McClain v. Bank of America Corp., Civil Action No. CV 411-305, 2013 WL 1399309, at *2 (S.D. Ga. Apr. 5, 2013) (finding BNYM to be a citizen of New York when sued in its capacity as trustee).

16. Therefore, complete diversity of citizenship exists between Plaintiff and Defendants.

17. It is also clear that the amount in controversy exceeds $75,000.00. Although Plaintiff fails to plead an exact amount of damages, the object of the litigation is worth more than the $75,000.00 threshold. Where a party seeks equitable or injunctive relief, the value of the property or the object of the litigation determines the amount in controversy for purposes of diversity jurisdiction. See Roper v. Saxon Mort. Servs., Inc., 2009 U.S. Dist. LEXIS 37794, *2 (N.D. Ga. May 5, 2009) (citing Waller v. Prof's Ins. Corp., 296 F.2d 545, 547 (5th Cir. 1961)); see also Leonard v. Enter. Rent-A-Car, 279 F.3d 967, 973 (11th Cir. 2002) (holding that "[t]he value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the reimbursement object of the litigation that would flow to the Plaintiffs if the injunction were granted").

18. Additionally, the appraised value for a property tax determination is an acceptable measurement of a property's value for purposes of diversity jurisdiction and the Court can take judicial notice of the tax value. Kew v. Bank of Am., N.A., No. H-11-2824, 2012 U.S. Dist. LEXIS 56485, at *9 n.4 (S.D. Tex. Apr. 23, 2012) ("Because the appraised fair-market value of the property is published on Harris County Appraisal District's website, the court may take judicial notice of it."); see also Henderson v. Sun Pharms. Indus., 809 F. Supp. 2d 1373, 1379 (N.D. Ga. 2011) ("The Court is permitted to take judicial notice of documents made publicly available by a government entity.").

19. In this case, Plaintiff requests an injunction preventing Defendants from exercising the power of sale and a declaration that Plaintiff is the sole owner of the Property. (See generally Compl.). Accordingly, since Plaintiff is requesting an equitable remedy relating to preventing foreclosure and essentially quiet title, the value of the Property should determine the amount in controversy. See, e.g., Leonard, 279 F.3d at 973. According to the annual assessment of this property, the fair market value of the Property is $354,900 with a tax assessed value of $141,960. See 2013 Annual Notice of Assessment from the Fulton County Assessor's Office, attached hereto as Exhibit B. Given that Plaintiff requests a declaration that she is the sole owner of the property and claim that Defendants

have no right or interest in the Property, she is essentially requesting that the Security Deed be voided and that Defendants be prevented from collecting the value of the loan. The Security Deed signed by Plaintiff demonstrates that the original loan amount was $464,000.00. See Security Deed recorded in Deed Book 41205, Page 241 in the land records of Fulton County Georgia, attached hereto as Exhibit C. Both the original amount of the debt and the current value of the Property exceed the $75,000.00 threshold.

20. In sum, this Court has diversity jurisdiction in this action because (i) there is complete diversity of citizenship between Plaintiff and Defendants, and (ii) an amount in excess of the $75,000.00 jurisdictional threshold is at issue.

21. Accordingly, Defendants are entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the Northern District of Georgia, Atlanta Division.

**IV. Notice of Removal to the Superior Court of Fulton County, Georgia.**

19. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly file a Notice of Removal to Federal Court, with the Clerk of the Superior Court of Fulton County, Georgia.

WHEREFORE, Defendants file this Notice of Removal and remove this civil action to the United States District Court for the Northern District of Georgia,

Atlanta Division.

Respectfully submitted this 23rd day of September, 2013.

By: /s/ Jarrod S. Mendel
Jarrod S. Mendel
Georgia Bar No. 435188
1230 Peachtree Street, N.E.
Promenade II, Suite 2100
Atlanta, Georgia 30309-3534
(404) 443-5713 (Telephone)
(404) 443-5687 (Facsimile)
jmendel@mcguirewoods.com

*Attorneys for Defendants America's Wholesale Lender, Mortgage Electronic Registration Systems, Inc. and The Bank of New York Mellon f/k/a the Bank of New York as Trustee for the Certificateholders of Cwalt, Inc., Alternative Loan Trust 2005-58, Mortgage Pass-Through Certificates, Series 2005-58*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

JANET HILL,

Plaintiff,

v.

AMERICA'S WHOLESALE LENDER, MORTGAGE ELECTRONIC REIGSTRATION SYSTEMS, INC. AND THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-58, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-58,

Defendants.

CIVIL ACTION NO.

Removed from the Superior Court of Fulton County, Georgia Case No. 2013CV28015

**CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on September 23, 2013, I electronically filed the foregoing *NOTICE OF REMOVAL* with the Clerk of the Court using the CM/ECF System which will electronically deliver a copy to the parties of record. I also served a true and correct copy of same on Plaintiffs' counsel and all known parties, via First-Class Mail, postage prepaid, addressed to:

Grady A. Roberts, III
94 Howell Street, NE
Atlanta, Georgia 30312
*Attorney for Plaintiff*

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

/s/ Jarrod S. Mendel
Jarrod S. Mendel
Georgia Bar No. 435188