**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JANET HILL,<br><br>Plaintiff,<br><br>v.<br><br>AMERICA'S WHOLESALE LENDER, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-58, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-58,<br><br>Defendants. | CIVIL ACTION NO. 1:13-CV-03159-TWT<br><br>Removed from the Superior Court of Fulton County, Georgia Case No. 2013CV28015 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COME NOW, Defendants America's Wholesale Lender ("AWL"),[1] Mortgage Electronic Registration Systems, Inc. ("MERS"), and The Bank of New York Mellon f/k/a the Bank of New York as Trustee for the Certificateholders of

[1] America's Wholesale Lender is a "doing business as" (*i.e.,* "trade" or "assumed") name for Countrywide Home Loans, Inc., and Plaintiffs incorrectly identify America's Wholesale Lender as a Defendant. For purposes of this Memorandum in Support of Motion to Dismiss, however, Defendants shall continue to reference America's Wholesale Lender as a Defendant.

Cwalt, Inc., Alternative Loan Trust 2005-58, Mortgage Pass-Through Certificates, Series 2005-58 ("BNYM") (collectively, "Defendants"), by and through counsel, and file this Memorandum of Law in support of their concurrently filed Motion to Dismiss Plaintiff Janet Hill's ("Plaintiff") Complaint ("Complaint" or "Compl.") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. In support of their Motion to Dismiss, Defendants state as follows.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY[2]

This is the third Complaint filed by Plaintiff in an attempt to avoid the consequences of her default on a home loan. Plaintiff filed this action on March 1, 2013 in the Superior Court of Fulton County, Georgia. Defendants timely removed this action to this Court on September 23, 2013 based upon diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446. This case arises out of a mortgage loan (the "Loan") on a parcel of residential property owned by the Plaintiffs located at 543 Auburn Avenue, Atlanta, Georgia (the "Property"). (Compl. ¶ 6).

[2] The "facts" and "allegations" set forth herein are taken from the Complaint and documents that are either attached to, or referenced in, the Complaint and therefore can properly be considered by the Court in connection with this Motion to Dismiss. *See* Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). These "facts" are presented only for purposes of this Motion, and Defendants do not admit them by including them here.

On or about, October 6, 2005, Plaintiff executed a promissory note (the "Note") in favor of AWL and a security deed (the "Security Deed") in favor of MERS as grantee and nominee for AWL and AWL's successors and assigns to finance the purchase of the Property. (Compl. ¶ 8, Ex. C). On June 1, 2011, MERS, as nominee for AWL and its successors and assigns, assigned all MERS' interest in the Security Deed (the "Assignment") – including the power of sale – to BNYM. (Compl. ¶ 9.) Plaintiff admits that she was in default on the Loan at the time of the Assignment. (Compl. ¶ 9).

On July 29, 2011, Plaintiff filed a Complaint against Bank of America, Inc. ("Bank of America") in the Superior Court of Fulton County, Georgia (Civil Action No. 2011CV203839) (hereinafter "Hill #1"). *See generally* First Complaint, attached hereto as Exhibit A.[3] Bank of America removed this matter to this Court (Civil Action No. 1:11-cv-02991-JOF). Plaintiff argued that despite her default on her loan, she should not be subject to foreclosure proceedings. On February 28, 2012, Judge Forrester entered an Order granting Plaintiff's Motion to Amend Complaint and also granting Bank of America's Motion to Dismiss the Amended Complaint. (Civil Action No. 1:11-cv-02991-JOF, Doc. 15). The

[3] Judicial notice of public records "may be taken at any stage of the proceeding." Fed. R. Evid. 201(f); see also Universal Express, Inc. v. United States SEC, 177 Fed. Appx. 52, 53 (11th Cir. 2006) (stating that "[p]ublic records are among the permissible facts" of which a court may take judicial notice).

Amended Complaint named the following Defendants: Bank of America, N.A. ("BANA"), ReconTrust Company, N.A., BAC Home Loans Servicing, LP, Countrywide Financial Corporation, Countrywide Home Loans, Inc. ("Countrywide"), Full Spectrum Lending, Inc., and Countrywide Home Loans Servicing, L.P. (Civil Action No. 1:11-cv-02991-JOF, Doc. 12, Ex. A). Plaintiff appealed the Order dismissing her Complaint to the 11th Circuit Court of Appeals, which affirmed the decision of the District Court on March 12, 2013, attached hereto as Exhibit B. (No. 12-11740).

On July 30, 2012, Plaintiff filed a second Complaint against The Bank of New York Mellon f/k/a The Bank of New York, as trustee for the certificate holders of CWALT, Inc., Alternative Loan Trust 2005-58 Mortgage Electronic Registration Systems, Inc., Bank of America, NA., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP ("BANA")[4] and Countrywide Home Loans, Inc. ("Countrywide"). This was filed in the Superior Court for Fulton County after which Defendants removed the case to this Court. (Civil Action No. 1:12-cv-04344-WSD) (hereinafter "Hill #2"). Again, Plaintiff asserted various allegations related to her mortgage loan in an

---

[4] Bank of America, N.A. is the successor by merger to BAC Home Loans Servicing, LP ("BACHLS") which was formerly known as Countrywide Home Loans Servicing LP ("CHLS"). Therefore, BANA appears as successor by merger to BACHLS f/k/a CHLS and BACHLA f/k/a CHLS is referred to as BANA throughout this Memorandum.

attempt to avoid foreclosure. This case was voluntarily dismissed on June 12, 2013. (Civil Action No. 1:12-cv-04344-WSD, Doc. 9).

Plaintiff now files this Complaint in an effort to stop the lawful foreclosure of the Property following her admitted default on the Loan. (Compl. ¶ 9). The entirety of Plaintiff's argument relies on her assertion that the Assignment was invalid because AWL was a fictitious entity and, therefore, could not have obtained any interest in the Property at the time of the execution of the Security Deed. (Compl. ¶¶ 10-14, 17). In turn, Plaintiff alleges that BNYM lacks any interest in the Property or standing to initiate foreclosure proceedings. (Compl. ¶¶ 15, 17-19). From this assertion, Plaintiff attempts to bring two causes of action: 1) declaratory relief and 2) injunctive relief. Plaintiff seeks to enjoin Defendants from exercising the power of sale and a declaration that Plaintiff is the sole owner of the Property. (See gen. Compl.).

Ultimately, Plaintiff's claims have no merit. This Complaint is a clear attempt to stall foreclosure proceedings; however, Plaintiff's claims fail as a matter of law. As a result, Plaintiff has fallen far short of the necessary standard to properly set forth a claim against Defendants, and the Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 8(a) and Fed. R. Civ. P.

12(b)(6). Further, Plaintiff's claims are barred by *res judicata* and collateral estoppel and should be dismissed on these grounds as well.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." In ruling on the pending motion to dismiss, all of the well-pled factual allegations in Plaintiff's Complaint must be accepted as true and construed in the light most favorable to Plaintiff. *See Young Apartments, Inc. v. Town of Jupiter*, 529 F.3d 1027, 1037 (11th Cir. 2008). However, "unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U, S. 544, 555 (2007) (citations and quotations omitted). More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). To survive a Rule 12(b)(6) motion, "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

## ARGUMENT

### I. PLAINTIFF'S CLAIMS ARE BARRED BY *RES JUDICATA* AND/OR COLLATERAL ESTOPPEL.

#### *1. Res Judicata*

The Complaint must be dismissed because Plaintiff's claims are barred by the doctrine of *res judicata*. Hill #1 involved the same operative facts, nearly identical parties or parties in privity with them, and many of the same claims and theories for relief as alleged in the case at bar. "Res judicata is a doctrine of claim preclusion; it refers to 'the preclusive effect of a judgment in foreclosing re-litigation of matters that should have been raised in an earlier suit.'" *Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1470 (11th Cir. 1986) (quoting *Migara v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)). "Barring a claim on the basis of res judicata is a determination of law." *Ragsdale v. Rubbermaid, Inc.*, 193 F. 3d 1235, 1238 (11th Cir. 1999).

Under the doctrine of *res judicata*, a claimant cannot relitigate a claim that has already been subject to a final judgment on the merits. *See In re Omine*, 485 F. 3d 1305, 1311-12 (11th Cir. 2007). A party seeking to invoke the doctrine of res judicata must satisfy four initial elements: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *Id.* Furthermore "any claim that was or could have been adjudicated in the previous action is precluded." *NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990).

The record conclusively establishes that the first two elements of *res judicata* are satisfied. On February 28, 2012, a final judgment was entered by this Court against Plaintiff in Hill #1 dismissing the case with prejudice. See, *Hill v. Bank of America, Inc.*, 1:11-CV-02991-JOF, Doc. 16. Consequently, the judgment in the previous action was by a Court of competent jurisdiction and "operates as an adjudication upon the merits of the action." See, Fed. R. Civ. P. R. 41(b). Further, this was affirmed by the 11th Circuit Court of Appeals by Order dated March 12, 2013. *See* Ex. B.

Likewise, the third element of *res judicata* is satisfied. Hill #1 named BANA and Countrywide (of which America's Wholesale Lender is a trade name,

*see* fn.1), among other parties, as Defendants. Therefore, the parties are substantially the same as in Hill #1. Rather than naming Countrywide Home Loans, she instead refers to AWL. The only additional parties to this action are BNYM and MERS. However, AWL, MERS and BNYM are considered in privity with Countrywide for purposes of *res judicata*. AWL is a trade name for Countrywide and AWL was the original lender. At all relevant times, MERS acted as nominee for AWL and AWL's successors and assigns, a defendant in Hill #1, and is therefore in privity with AWL. Likewise, BNYM is the assignee of the Security Deed from MERS. In Georgia, BNYM would be considered in privity with AWL.

> A party has been held to be in privity with a party to the former litigation when he bears the relationship of successor to a predecessor in title, a cestui que trust to a trustee or quasi-trustee, a beneficiary in estate to an administrator, a principal to an agent or agent to a principal, a city to its treasurer; and in class actions, where a party is one of a group of municipal taxpayers or citizens in whose behalf expressly or by necessary implication the former suit was brought by a taxpayer or property owner upon a matter of public and general interest to all other taxpayers of such political subdivision.

*College Park Land Co. v. Mayor, etc., of College Park*, 48 Ga. App. 528, 528-29, 173 S.E. 239, 240 (1934) (emphasis added).

Finally, the Complaint and Amended Complaint in Hill #1 and the instant lawsuit arise out of the same "nucleus of operative facts," and must be treated as

presenting the "same cause of action" for purposes of *res judicata*. "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1503 (11th Cir. 1990) (internal quotation marks and citation omitted); *see also NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990) ("Res judicata applies not only to the precise legal theory presented in the prior case, but to *all legal theories and claims arising out of the same nucleus of operative fact*." (emphasis added)); *Manning v. City of Auburn*, 953 F.2d 1355, 1358 (11th Cir. 1992) (explaining that res judicata "bars re-litigation of matters that . . . could have been litigated in [the] earlier suit").

Here, the claims asserted in Hill #1 and the current lawsuit arise from the same Property and mortgage loan. Hill #1 and the instant action both relate to Defendants servicing of the loan and pursuit of foreclosure. Both prior lawsuits Hill #1 specifically allege that Defendants in those suits or parties in privity with them, named in this lawsuit, improperly handled Plaintiff's two attempts to apply for a loan modification. Both prior lawsuits specifically allege that Bank of America did not fully respond to Plaintiff's QWR. Both prior lawsuits challenge the Assignment of the Deed from MERS, as nominee for AWL (a trade name for

Countrywide), to BNYM. In the case at bar, Plaintiff again argues the assignment was invalid, only this time she amends her legal theory to allege it was based on the fact that AWL did not exist. Notably, the Assignment which forms the crux of Plaintiff's current claims, was executed in and recorded in June of 2011 before Plaintiff filed Hill #1 on or about July 29, 2011, so Plaintiff was or should have been aware of the Assignment and any alleged deficiencies at the time she filed Hill #1. Accordingly, because Plaintiff's instant lawsuit arises out of the same "nucleus of operative fact" and is based on the same factual predicate as Plaintiff's previous lawsuits, they are deemed to present the same cause of actions.

**2. Collateral Estoppel**

The Complaint must be dismissed because the Plaintiff's claims are likewise barred by the doctrine of collateral estoppel. Collateral estoppel bars re-litigation of an issue previously decided "if the party against whom the prior decision is asserted had a full and fair opportunity to litigate that issue in an earlier case." *United States v. Weiss*, 467 F.3d 1300, 1308 (11th Cir. Fla. 2006) (citation omitted). The party seeking to invoke collateral estoppel must establish that (1) the issue in the pending case is identical to that decided in a prior proceeding; (2) the issue was necessarily decided in the prior proceeding; (3) the party to be estopped was a party or was adequately represented by a party in the prior

proceeding; and (4) the precluded issue was actually litigated in the prior proceeding. *Id*.

In the pending case, (1) the issues are similar to Hill #1; (2) both the Complaint and Amended Complaint were dismissed in Hill #1 as a matter of law; (3) Ms. Hill is again the Plaintiff; and (4) whether or not Defendants properly serviced the loan, processed Plaintiff's loan modification applications, and assigned the Security Deed to BNYM properly were litigated and decided in the previous litigation.

Accordingly, Plaintiff's Complaint is barred by the doctrines of *res judicata* and collateral estoppel. These longstanding principles are applied to protect defendants from harassment, abusive litigation, and from defending duplicative claims from the same parties. For this reason alone, this lawsuit should be promptly and expediently dismissed in its entirety as a matter of law with prejudice.

## II. The role of MERS has been approved by Georgia courts.

Despite Plaintiff's allegations, MERS's role in the assignment of security deeds is uncontroversial and Georgia courts have consistently and repeatedly recognized MERS' authority to assign a security deed in which MERS is named as the grantee. *See, e.g., Montgomery v. Bank of America*, 321 Ga. App. 343, 740

S.E.2d 434 (2013); *Larose v. Bank of America*, 321 Ga. App. 465, 740 S.E.2d 882 (2013); *The Harpagon Company, LLC v. Moore*, Fulton County Superior Court No. 2009-CV-167758 (Feb. 1, 2011) (validating a MERS security deed assignment by ruling that lender-assignee was the current and legally proper holder of the security deed which MERS had previously assigned prior to foreclosure); *Brown v. Fed. Nat'l Mortgage Ass'n*, 2011 U.S. Dist. LEXIS 31478 (N.D. Ga. Feb. 28, 2011), approved and adopted by 2011 U.S. Dist LEXIS 31471 (N.D. Ga. Mar. 24, 2011) (holding that a security deed conveyed to MERS by the borrower gave MERS the right to exercise all of the interests granted by the security deed). The Georgia Supreme Court even unanimously approved of foreclosures following the transfer of a security deed, and noted the foreclosing entity only needs to hold the security deed to foreclose, and the promissory note is not required to be held by the same entity that holds the security deed. *See You v. JP Morgan Chase Bank*, 293 Ga. 67, 743 S.E.2d 428 (2013).

## III. Plaintiff Has No Standing to Challenge Assignments of the Security Deed.

In addition to the approval of Georgia courts of MERS assignment of security deeds, Plaintiff lacks standing to challenge any assignment. Plaintiff's entire Complaint rests on her attempt to challenge the assignment of the Security Deed from MERS to BNYM by stating that it is invalid because the original

lender, AWL, was a fictitious entity. (Compl. ¶¶ 10-14, 17-19). Plaintiff offers no allegations to support this barren assertion. Nevertheless, Plaintiff lacks standing to challenge the Assignment since she was not a party to it. Thus, Plaintiff fails to state a claim against Defendants and the Complaint should be dismissed with prejudice.

It is well-established that a person who is not a party to a contract, or an intended third-party beneficiary of a contract, lacks standing to challenge or enforce a contract. *Haldi v. Piedmont Nephrology Assoc., P.C.*, 283 Ga. App. 321, 322-323 (2007) (holding that plaintiff does not have standing to challenge the contract because he was not a party to it); *Breus v. McGriff*, 202 Ga. App. 216, 216, 413 S.E.2d 538, 539 (1991) ("[a]ppellants are strangers to the assignment contract between appellee and his privy and thus have no standing to challenge its validity"). Thus, Georgia case law has established that a person who is neither a party nor an intended third-party beneficiary to a contract lacks standing to challenge or enforce the contract. *Sawtell Ptnrs, LLC v. Admiral Ins. Co.*, 2006 U.S. Dist. LEXIS 18104 at *14 (N.D. Ga. Mar. 27, 2006) (for a third party to have standing to bring a claim arising from a contract, "it must clearly appear from the contract that it was intended for his benefit."); *Jenkins v. McCalla Raymer, LLC*, 2011 U.S. Dist. LEXIS 95652 at * 71-73 (N.D. Ga. July 28, 2011). *Larose*, 321

Ga. App. 465, 740 S.E.2d 882 (2013), *Montgomery*, 321 Ga. App. 343, 740 S.E.2d 434 (2013).

Furthermore, Georgia law recognizes the ability to freely transfer security deeds such as the one at issue here. *See* O.C.G.A. § 44-14-64; *Quality Food, Inc. v. Smithberg*, 288 Ga. App. 47, 54, 653 S.E.2d 486, 492 (2007); *Palmetto Capital Corp. v. Smith,* 284 Ga. App. 819, 820-21, 645 S.E.2d 9, 11 (2008); *Cary v. Guiragosian*, 270 Ga. 192, 193-94, 508 S.E.2d 403, 405 (1998). Accordingly, courts in Georgia have held that a third party borrower lacks standing to challenge the validity of an assignment of a mortgage interest. *Breus v. McGriff*, 202 Ga. App. at 216, 413 S.E.2d at 538. *Larose*, 321 Ga. App. 465, 740 S.E.2d 882 (2013), *Montgomery*, 321 Ga. App. 343, 740 S.E.2d 434 (2013).

Here, Plaintiff is not a party to the Assignment at issue and does not attempt to state that she is a third-party beneficiary of the Assignment. Accordingly, Plaintiff lacks standing to challenge the Assignment of the Security Deed and, therefore, the Complaint, based solely on Plaintiff's challenge of the Assignment, should be dismissed with prejudice.

## IV. Plaintiff Fails to State a Claim for Declaratory Relief.

Plaintiff requests declaratory relief declaring her as sole owner of the Property. (Compl. ¶ 5). In Georgia, a claim for declaratory relief will only survive

a motion to dismiss if the facts or circumstances are pled showing a necessity to "protect the plaintiff from uncertainty and insecurity with regard to the propriety of some *future* act or conduct which is properly incident to the plaintiff's alleged rights and which *future* action, without such directions, might reasonably jeopardize the plaintiff's interest" *Henderson v. Alverson*, 217 Ga. 541, 123 S.E.2d 721 (1962) (emphasis added). Thus, to properly pursue a declaratory judgment under Georgia law "[a] party must establish that [a declaratory judgment] is necessary to relieve himself of the risk of taking some future action that, without direction, would jeopardize his interests." *Porter v. Houghton*, 542 S.E.2d 491, 492 (Ga. 2001). Additionally, in Georgia, a declaratory judgment may not be granted in the absence of a justiciable controversy. *See Kaylor v. Kaylor*, 236 Ga. 777, 778, 225 S.E.2d 320, 321-22 (1976). "The object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated." *Rowan v. Herring*, 214 Ga. 370, 374, 105 S.E.2d 29, 32 (1958). Further, no declaratory judgment may be obtained which merely answers a moot or abstract question. *Shippen v. Folsom*, 200 Ga. 58, 35 S.E.2d 915 (1945). Declaratory relief is intended "[t]o settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." O.C.G.A. § 9-4-1. "[W]here the rights of the parties have already accrued and there are no

circumstances showing any necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to his alleged rights and which if taken without direction might reasonably jeopardize his interest, the plaintiff is not entitled to a declaratory judgment." *State Farm Mut. Auto. Ins. Co. v. Hillhouse*, 131 Ga. App. 524, 525 (1974).

In the case *sub judice*, no uncertainty exists about any future action by Plaintiff or Defendants in this case. Plaintiff does not allege a foreclosure sale is currently scheduled, but rather attaches a copy of a notice of sale which was to occur on the first Tuesday, in August, 2013. (Compl. Ex. F.) Any claims to be asserted by Plaintiff would relate to the Note, Security Deed, and Assignment. All material rights have accrued based upon past events, thus, Plaintiffs fail to plead the likelihood of future harm that would authorize this Court to exercise its power to issue a declaratory judgment. What Plaintiffs seek is an advisory opinion on the validity of the future acts of Defendants. *Logan Paving Co. v. Peoples Bank & Trust*, 395 S.E.2d 287, 289 (Ga. Ct. App. 1990). To the extent there are any claims related to Defendants' involvement with the Note, Security Deed, and Assignment – no such claims exist – the proper action would be a claim for damages rather than declaratory relief. As such, Plaintiffs' claim for declaratory relief is subject to

dismissal for failure to state a claim upon which relief can be granted.

Furthermore, the bald allegations of the Complaint fail to demonstrate any actual, justiciable controversy between the Parties. Plaintiff has not established a sufficient underlying claim, relying instead on unsupported and vague assertions. Plaintiff fails to adequately challenge the Assignment of the Security Deed as she lack standing to do so. Thus, Plaintiff ultimately fails to demonstrate the existence of a bona fide, justiciable controversy. As a result, declaratory relief is not available.

## V. Plaintiff is Not Entitled to Injunctive Relief.

Plaintiff seeks injunctive relief based on the allegation that Defendants have no interest or rights in the Property. (*See gen.* Compl.). It is settled law in this Circuit that injunctive relief is an "extraordinary and drastic remedy[.]" *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985). To obtain such relief, a movant must demonstrate: (1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest. *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246-47 (11th Cir. 2002).

Here, Plaintiff's bald assertions simply do not set forth any facts to establish an entitlement to injunctive relief. The entire Complaint is based solely on Plaintiff's challenge to the Assignment of the Security Deed, which fails for the reasons stated *supra*. Ultimately, Plaintiff has failed to demonstrate any wrongdoing by Defendants, assert a viable underlying claim to relief, or otherwise establish any "irreparable injury" for which Defendants are liable.

In addition, Defendants are unduly prejudiced by Plaintiff's attempt to avoid a valid foreclosure and any injury to Plaintiff does not outweigh the continued interference with Defendants' right to foreclose. The harm to Defendants outweighs Plaintiff's right to the Property because she lost that right to possession under the Note and Security Deed when she stopped making loan payments. As demonstrated *supra*, Plaintiff's claims cannot succeed on the merits and fail as a matter of law. Plaintiff should not be allowed to further delay the foreclosure proceedings of the Property. Plaintiff seeks to distract the Court from the single most important issue – Plaintiff stopped making payments on her loan obligation. As a result of Plaintiff's default, Defendants are entitled to conduct foreclosure proceedings on the Property.

Furthermore, the Court should not grant Plaintiff injunctive relief because Plaintiff has not (and presumably cannot) pay the amount of money she owes

pursuant to their loan obligations. Fed. R. Civ. P. 65(c) states: "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." *LaCosta v. McCalla Raymer, LLC*, 1:10-CV-1171-RWS, 2011 U.S. Dist. LEXIS 5168, at *5. Plaintiff made no offer to tender any security. For all of these reasons, Plaintiff is not entitled to injunctive relief.

## CONCLUSION

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request that this Court grant their Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim .

Respectfully submitted this 27th day of September, 2013.

By: /s/ Jarrod S. Mendel
Jarrod S. Mendel
Georgia Bar No. 435188
1230 Peachtree Street, N.E.
Promenade II, Suite 2100
Atlanta, Georgia 30309-3534
(404) 443-5713 (Telephone)
(404) 443-5687 (Facsimile)
jmendel@mcguirewoods.com

*Attorneys for Defendants America's Wholesale Lender, Bank of America, N.A. and Mortgage Electronic Registration Systems, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JANET HILL,

Plaintiff,

v.

AMERICA'S WHOLESALE LENDER, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-58, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-58,

Defendants.

CIVIL ACTION NO.
1:13-CV-03159-TWT

Removed from the Superior Court of Fulton County, Georgia Case No. 2013CV28015

**CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on September 27, 2013, I electronically filed the foregoing *Memorandum in Support of Motion to Dismiss* with the Clerk of the Court using the CM/ECF System which will electronically deliver a copy to the parties of record.

I further certify that I prepared this document in 14 point Times New Roman

font and complied with the margin and type requirements of this Court.

/s/ Jarrod S. Mendel
Jarrod S. Mendel
Georgia Bar No. 435188