# EXHIBIT B

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 12-11740
Non-Argument Calendar

---

D.C. Docket No. 1:11-cv-02991-JOF

JANET HILL,

Plaintiff - Appellant,

versus

BANK OF AMERICA, INC.,

Defendant - Appellee.

---

Appeal from the United States District Court
for the Northern District of Georgia

---

(March 12, 2013)

Before TJOFLAT, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Janet Hill appeals the district court's dismissal of her complaint against Bank of America (BOA) for actions related to her mortgage with the bank. The

district court reviewed Hill's original complaint as well as her amended complaint. The district court also noted Hill's intervening attempt to amend her complaint, when she failed to attach any proposed complaint. The district court found the initial complaint failed to state a claim and the first attempt to amend was deficient for failing to attach a proposed amended complaint. While the district court granted Hill's motion for leave to amend, it found the proposed amended complaint to be deficient as well. The court dismissed the action with prejudice because "[b]ased on [Hill's] counsel's first three efforts at drafting a complaint, the court ha[d] no reason to believe that any additional opportunity to amend would be more fruitful." Hill's argument on appeal is that the district court was wrong to dismiss her complaint with prejudice, i.e. without further leave to amend.

I.

Hill filed her first complaint in the Superior Court of Fulton County on July 29, 2011. BOA removed the action to federal court. The complaint asserted that Hill got a mortgage from "Country Wide Home Loan" in October of 2005 for $464,000. In early 2009, Hill learned about "a federal mortgage relief program called [the] Making Home[s] Affordable Program." Apparently, Hill applied to BOA to join the program, "[b]ut, instead of offering to lower her payments, they offered to increase her payments which certainly [was] contrary to the purpose and intent of the program." By January of 2010, Hill got notice from BOA that she

was delinquent on her payments and that her home would be foreclosed on in March.

Hill claims she wrote BOA in October of 2010 requesting a loan modification. She says she received a letter thanking her for participation in the loan modification program, but nothing else happened. In February of 2011, she submitted another loan modification application but it was denied and she later got an e-mail saying the loan was in underwriting.

The complaint goes on to explain "[o]n May 3, 2011[,] Plaintiff [r]equested to confirm default amount $511,000. Notice foreclosure anticipated." Hill later received notice that her loan was "in its final stage for Trial Payment Notification" and was told that the loan was "waiting for Trial Payment."

After setting out these facts, Hill alleges that:

> the offer to Plaintiff to modify the loan was accepted when she submitted her application. BOA had an obligation to promptly attend to it and to guide Plaintiff through the process. When she was told not to make the December and January payments, which was contrary to the plan, BOA breached the contract between the parties.

"Count Two" of the complaint makes a claim for "deceptive trade practices."[1] For this Count, Hill complains that BOA did not honor its verbal promises and lost her written materials.

[1] The complaint never specifies a "Count One."

Once in federal court, BOA moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). BOA argued that Hill violated Rule 8(a) because her complaint failed to provide a short, plain statement of the claims. BOA also argued that insofar as Hill alleged breach of contract claims, her claims would fail under Georgia's Statute of Frauds requiring that land contracts be in writing. And finally, BOA argued that the Georgia Fair Business Practices Act does not apply to residential mortgage transactions.

After filing a short response to BOA's motion asking the court to construe her complaint to do "substantial justice," Hill moved to amend her complaint but failed to provide an amended complaint, as is required. See Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999). Hill then filed another motion for leave to amend, this time attaching a new amended complaint in which she purported to add as many as eight more defendants who engaged in a "pattern and practice of deceptive conduct" in violation of Georgia's Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-137 et seq.

II.

We review de novo a district court's Rule 12(b)(6) dismissal of a case. Catron v. City of St. Petersburg, 658 F.3d 1260, 1264 (11th Cir. 2011). We review for abuse of discretion the denial of a motion for leave to amend the complaint.

Covenant Christian Ministries, Inc. v. City of Marietta, Ga., 654 F.3d 1231, 1239 (11th Cir. 2011).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Supreme Court made clear in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009), a plaintiff's complaint must be "plausible" in that it must plead facts that support a reasonable inference that there has been some wrongdoing. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Where a litigant fails to provide the court with the amendment it proposes, however, a court does not abuse its discretion by denying leave to amend. Long, 181 F.3d at 1279–80. A court may also deny leave to amend where the plaintiff fails to show that the amended complaint satisfies Rule 8(a). United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1362 (11th Cir. 2006). Thus, there are situations in which courts "[do] not abuse [their] discretion by dismissing . . . complaint[s] with prejudice, i.e., without leave to amend." Id.

III.

Hill argues that she should have been allowed leave to amend her complaint again, and further that the court should have given her "instructions to correct the deficiencies." Hill argues her complaint "should not have been dismissed for failure to state a claim unless it appeared beyond a doubt that she could not have proven through any set of facts to support her claim that would entitle her to relief."

Hill's arguments are without merit. First, she fails to provide legal authority to support the idea that a Court can never dismiss with prejudice a complaint after three unsuccessful attempts to meet Rule 8(a)'s very low threshold. Indeed, we have precedent to the contrary. See, e.g., Long, 181 F.3d at 1279–80; McInteer, 470 F.3d at 1362.

Second, to the extent that Hill suggests that the district court did not review her amended complaint, she is clearly incorrect. Indeed, the district court reviewed Hill's "motion to amend complaint and for leave to file amended complaint" and said so: "[t]he court has reviewed Plaintiff's proposed amended complaint." It simply found the amended complaint to be as deficient as the first one.

Third, our de novo review of the initial complaint and the amended complaint brings us to the same conclusion as the district court: that the complaints should be dismissed for failure to state a claim. The district court got it right when it said "that [Hill's] initial complaint was wholly insufficient in the manner in

which it pled facts and alleged causes of action" and that the proposed amended complaint was similarly deficient, merely "contain[ing] sweeping generalizations about the sufficiency of mortgage servicing operations of the proposed defendants" and "mak[ing] not one specific allegation about Plaintiff, Janet Hill, and what happened to her loan or her application." As such, it was properly dismissed for failure to state a claim.

Based on our de novo review of Hill's filings, we affirm the district court's dismissal of this action.

**AFFIRMED.**

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 12, 2013

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 12-11740-CC
Case Style: Janet Hill v. Bank of America, Inc.
District Court Docket No: 1:11-cv-02991-JOF

On April 1, 2013, this Court will begin **MANDATORY electronic filing.** All counsel are required to file documents electronically in appeals pending on April 1, 2013, and in appeals docketed in this Court on or after that date, unless exempted for good cause.

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joe Caruso, CC at (404) 335-6177.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs